**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
DAVID ALMODOVAR,

      Plaintiff,

 -against-

CAROLYN W. COLVIN,

      Defendant.
------------------------------------- x



MEMORANDUM DECISION
AND ORDER

16 Civ. 7419 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff David Almodovar brings this action under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of the final determination by the Commissioner of Social Security that he is ineligible for disability insurance benefits and supplemental security income. (Compl., ECF No. 1, ¶¶ 1–2.) Plaintiff and the Commissioner both move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (*See* Almodovar Mot. for J. on the Pleadings, ECF No. 15; Comm'r Mot. for J. on the Pleadings, ECF No. 19.) Before this Court is Magistrate Judge Sarah Netburn's January 22, 2018 Report and Recommendation ("Report," ECF No. 25), recommending that Plaintiff's motion be granted, the Commissioner's motion be denied, and that this case be remanded to the Social Security Administration for further analysis in line with the treating physician rule.[1] (Report at 20.)

  Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 20.) To date, no objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

# I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court may set aside a decision by the Commissioner only if it is based upon legal error or not otherwise supported by substantial evidence. *Newsome v. Astrue*, 817 F. Supp. 2d 111, 124 (E.D.N.Y. 2011). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation and quotation marks omitted).

# II. THE "TREATING PHYSICIAN RULE"

It is well established that, in reviewing a claimant's request for benefits, the Commissioner must accord "special evidentiary weight to the opinion of the [claimant's] treating physician, as long as the treating physician's opinion is supported by medically acceptable techniques, results from frequent examinations, and is supported by the administrative record." *Newsome*, 817 F. Supp. 2d at 128 (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). The so-called "treating physician rule" is rooted in the principle that treating physicians "are likely to be

2

the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). As such, the Administrative Law Judge ("ALJ") must provide "good reasons" in his notice of determination or decision for the weight he affords to the treating physician's opinion. *Id.*; *see also Burgess*, 537 F.3d at 129 ("After considering the [relevant factors at 20 C.F.R. § 416.927(c)(2)–(6)], the ALJ must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion."). Failure to do so is a ground for remand. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (citation omitted).

The Report properly found that the ALJ committed legal error in failing to apply the treating physician rule. (Report at 18.) The Report correctly concluded that the ALJ failed to give appropriate weight to the medical opinion provided by Dr. Carvajal, Plaintiff's primary care physician, which was supported both by medically acceptable diagnostic techniques and other evidence in the administrative record. (*Id.* at 10, 16–17.) The Report also correctly noted that the ALJ failed to specifically address the relevant factors justifying his decision to override Dr. Carvajal's opinion, as required by federal regulation. (*See id.* at 18.) Under these circumstances, remand to the Social Security Administration is warranted. This Court also adopts the Report's recommendation that, in evaluating Plaintiff's credibility on remand, the ALJ explicitly consider his extensive thirty-seven-year work history.

### III. CONCLUSION

Magistrate Judge Netburn's Report and Recommendation is adopted. Plaintiff's motion for judgment on the pleadings, (ECF No. 15), is GRANTED, and the Commissioner's motion for judgment on the pleadings, (ECF No. 19), is DENIED. In addition, the Commissioner's denial of

3

benefits is VACATED, and this case is REMANDED to the Social Security Administration for further proceedings in accordance with this opinion and Magistrate Judge Netburn's findings and recommendations.

The Clerk of Court is directed to close the motions at ECF Nos. 15 and 19, and this case, accordingly.

Dated: New York, New York
       February 9, 2018

SO ORDERED.

*[signature: George B. Daniels]*

GEORGE B. DANIELS
United States District Judge