

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
DAVID ALMODOVAR,

                Plaintiff,

-against-

ANDREW M. SAUL,
COMMISSIONER
Social Security Administration,

                Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 7419 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Plaintiff's Attorney Christopher James Bowes moves for an award of attorney's fees pursuant to a contingent fee agreement between himself and Plaintiff David Almodovar and 42 U.S.C. § 406(b). (Mot. for Approval of Contingent Fee Agreement Under 42 U.S.C. § 406(b) ("Motion"), ECF. No. 32.)

On May 7, 2013, Plaintiff filed an application for disability benefits. (*See* Compl., ECF No. 1, ¶ 7.) On October 27, 2014, the administrative law judge ("ALJ") determined that Plaintiff was not entitled to benefits, and the Appeals Council denied Plaintiff's request for review of this determination. (Decl. of Christopher James Bowes in Supp. of Pl.'s Mot. for Approval of the Contingent Fee Agreement Pursuant to 42 U.S.C. § 406(b) ("Bowes Decl."), ECF No. 33, ¶¶ 7– 8.) Subsequently, Plaintiff retained attorney Christopher James Bowes to pursue this claim in federal court ("Federal Court Action"). Mr. Bowes' retainer agreement (the "Agreement") provided that Plaintiff agreed to pay Mr. Bowes "a sum equivalent to one-quarter (i.e., 25%) of all past due benefits as compensation for his legal services," or alternatively, "one-quarter (i.e., 25%) of all past due benefits at the time of the award" should the Court remand the case to the Social

Security Administration ("SSA") and the SSA grant past-due benefits. Additionally, the Agreement provided that "[i]f no past due benefits are recovered through representation, [Plaintiff] will have no obligation to pay for legal services." (*See* Bowes Decl. Ex. A (Retainer Agreement), ECF No. 33.) On February 9, 2018, this Court adopted in full a Report and Recommendation ("Report") by Magistrate Judge Sarah Netburn, recommending that the Commissioner's decision to deny benefits be vacated and the case be remanded to the Commissioner. (*See* Mem. and Order, ECF No. 26.) On remand, the ALJ found that Plaintiff was entitled to past-due disability benefits beginning in January 2013 and the SSA subsequently issued a Notice of Award ("NOA") to Plaintiff on December 12, 2018. Pursuant to this decision, on March 14, 2019, Mr. Bowes filed a motion for a total of $18,560.25 in attorney's fees for the 35.4 hours that he spent representing Plaintiff in the Federal Court Action.[1] (Motion at ¶ 2; Mem. of Law in Supp. of Pl.'s Mot. Seeking Approval of the Contingent Fee Agreement Under 42 U.S.C. Section 406(b), ECF No. 34, at 2.)

Before this Court is Magistrate Judge Netburn's October 4, 2019 Report (Report, ECF No. 37, at 7), recommending that this Court grant Plaintiff's motion and enforce the Agreement, thereby awarding Mr. Bowes $18,560.25 in attorney's fees.[2] (*Id.*) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 8.) No objection to the Report has been filed. For the reasons set forth below, this Court ADOPTS Judge Netburn's recommendation in full.

---

[1] Specifically, Mr. Bowes moved for $25,560.25 in attorney's fees, less $7,000 (the amount previously awarded pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412)), netting to a total of $18,560.25. (Motion at ¶ 2.) *See Valle v. Colvin*, No. 13 Civ. 2876 (JPO), 2019 WL 2118841, at *4 (S.D.N.Y. May 15, 2019) ("Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting *Rodriguez v. Colvin*, 318 F.Supp.3d 653, 658 (S.D.N.Y. 2018) (alterations in original))).

[2] The relevant procedural and factual background is set forth in detail in the Report, and it is incorporated herein.

2

# I. LEGAL STANDARDS

This Court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 2005)). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. MR. BOWES' REQUEST FOR ATTORNEY'S FEES PURSUANT TO THE AGREEMENT IS GRANTED

### A. Mr. Bowes' Request is Permissible and Timely Under § 406 (b).

Mr. Bowes is entitled to $18,560.25 in attorney's fees. As Magistrate Judge Netburn appropriately explained in her Report, while the Second Circuit has not ruled on whether an attorney may recover fees pursuant to an agreement when a district court remands a case without awarding benefits to the party, the majority of courts in other jurisdictions have found that awarding fees under these circumstances is appropriate if the party is eventually awarded benefits. (Report at 3 (collecting cases).) Magistrate Judge Netburn correctly determined that this district should follow the majority of courts in finding that, as here, where a case is remanded and a party is eventually awarded benefits, an award of attorney's fees is appropriate, so long as the requirements of § 406(b) are met.

Additionally, Mr. Bowes' request is timely under the circumstances. The Second Circuit has interpreted Federal Rule of Civil Procedure 54 to state that "a fee application under § 406(b) must be filed within 14 days after the entry of judgment." (Report at 3–4 (citing *Sinkler v. Berryhill*, 932 F.3d 83, 85, 87 (2d Cir. 2019).) To avoid issues where a percentage of attorney's

3

fees is computed before the benefits award is fully calculated to include any past-due benefits, the Second Circuit has applied an equitable tolling period that allows an attorney to file a fee motion up to 14 days after a party *receives notice* of the amount of a benefits award, as opposed to 14 days after the entry of judgment. *Sinkler*, 932 F.3d at 85, 87 (2d Cir. 2019). As the Report describes, it is unclear whether the court in *Sinkler* intended for the 14-day tolling period to commence when the *party* to the action receives notice of the damage award or when the *party's counsel* receives notice. (Report at 3–4 (citing *id.* at 88–91).) The Report properly notes that this distinction would make a difference here; Mr. Bowes filed his motion on March 14, 2019 and has stated that he first received the NOA on March 1, 2019, but the SSA issued the NOA to Plaintiff nearly three months earlier, on December 12, 2018. (Bowes Decl. ¶¶ 17–19; Ex. C (Dec. 6, 2018 Notice of Award).) Regardless, a district court is permitted to "enlarge the filing period where circumstances warrant," and the Second Circuit has stated that it will "generally defer to a district court in deciding when such an alteration is appropriate." *Sinkler*, 932 F.3d at 89–90. It is appropriate to extend the deadline here, both due to Mr. Bowes' statement under penalty of perjury that he did not receive the NOA prior to March 1, 2019 and the fact that the envelope containing the NOA was postmarked on February 27, 2019. (Bowes Decl., Ex. C (Dec. 6, 2018 Notice of Award).) Therefore, the motion was timely submitted.[3]

**B. The Fees Mr. Bowes Requests Pursuant to the Agreement are Reasonable.**

The fees that Mr. Bowes requests are reasonable. Pursuant to 42 U.S.C. § 406(b), a court may grant attorney's fees to an individual who represented a party, and "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the

---

[3] This Court agrees with Magistrate Judge Netburn that it need not determine to whom a party must give notice in order to trigger the start of the tolling period, due to the flexibility built into the language of Rule 54.

4

total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Moreover, the Second Circuit has explained that a district court should generally enforce a contingency agreement if it finds that it is reasonable. *See Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990) (finding that § 406(b) sets an "upper limit" for what amount is a reasonable award pursuant to a contingency fee agreement). In considering whether an amount requested by an attorney under a contingency agreement is reasonable, a district court must "give due deference to the intent of the parties," but should not "blindly approve every fee request made pursuant to a contingent agreement." Instead, a district court must evaluate and consider three factors: (1) whether the contingency percentage is within the 25% limitation; (2) whether there was fraud or overreaching involved in making the agreement; and (3) whether the requested amount is so large that it serves as a windfall to the attorney. *Wells*, 907 F.2d at 372. Generally, however, and as explained in *Wells*, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client." *Id.* at 371.

As the Report properly calculates, Mr. Bowes' request for $25,560.25 equals precisely 25 percent of the total award, and therefore does not exceed the statutory maximum.[4] Additionally, "[t]he agreement plainly lays out Plaintiff's obligations upon a favorable outcome, and there is no indication that the agreement is the product of fraud or overreaching." (Report at 6.) The Commissioner's submission also notes that the Office of Social Security "is aware of no evidence of fraud or overreaching in making the agreement." (Letter Resp. to Mot., ECF No. 36, at 2.)

---

[4] The total amount in past-due benefits payable to Plaintiff from July 2013 through November 2018 is $102,241. Mr. Bowes requests attorney's fees in the amount of $25,560.25, exactly one quarter of the total amount of benefits. (*See* Bowes Decl., Ex. C (Dec. 6, 2018 Notice of Award).)

5

Additionally, an award of attorney's fees would not constitute a windfall to Mr. Bowes. In determining whether an award can be considered a "windfall," courts in this district have typically considered three factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F.Supp.2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005)). Additionally, a reasonable fee will take into account the heightened risk associated with contingency agreements, where payment is "inevitably uncertain." *Nieves v. Colvin*, No. 13 Civ. 1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (quoting *Wells*, 907 F.2d at 371).

Under the circumstances at hand, awarding attorney's fees to Mr. Bowes would not constitute a windfall. First, Mr. Bowes was successful in prevailing on a motion for judgment on the pleadings, as well as obtaining a remand to the Commissioner. Second, it is clear under these circumstances that Mr. Bowes did not simply utilize boilerplate arguments, but instead expended effort in conducting research for and drafting his motion for judgment on the pleadings, which was a 20-page motion filled with case law supporting Plaintiff's arguments. There is no reason to find that Mr. Bowes did not put forth the requisite effort in securing a positive outcome for his client. Third, as the Report accurately describes, courts in this district have found that it is reasonable for an attorney to spend between 20 to 40 hours on a social security matter, although courts have also awarded fees for more than 40 hours work. *See, e.g.*, *Borus v. Astrue*, No. 9 Civ. 4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012).

As a final matter, the award is reasonable, even considering Mr. Bowes' hourly rate. The total requested amount of $25,560.25 over the span of 35.4 hours of work is equivalent to an hourly rate of $722.04. Even when an hourly rate appears to be high, this alone is not a reason to find either the Agreement or the fees owed pursuant to the Agreement unreasonable. (*See* Report at 7 (quoting *Torres v. Colvin*, No 11 Civ. 5309 (JGK) (MHD), 2014 WL 909765, at *5 (S.D.N.Y. Feb. 4, 2014)).) As the Report properly notes, this award is in line with awards Mr. Bowes has previously received from courts in this district. (*See* Report at 6–7 (collecting cases).) Therefore, there is no reason to conclude that Mr. Bowes' request is unreasonable.

### III. CONCLUSION

Magistrate Judge Netburn's Report and Recommendation is ADOPTED in full. Plaintiff's Motion for Approval of Contingent Fee Agreement Under 42 U.S.C. § 406(b), (ECF No. 32), is GRANTED. Plaintiff is awarded $25,560.25 in attorney's fees, less the $7,000 previously awarded pursuant to the Equal Justice Act, 28 U.S.C. § 2412, which equals a net fee of $18,560.25. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
November 21, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge